## HARRISON and WIFE *v.* BROWN and WIFE.

THE wife cannot mortgage her separate real estate, unless her husband unites in the conveyance in the mode prescribed by our statutes—at least, as to property acquired after the passage of the statutes; and these statutes, when operating *in futuro*, are constitutional.

The Act of Feb. 14th, 1855, (Wood's Dig. 490) makes an exception in case the husband be not, and for one year next preceding the execution of the conveyance of the wife has not been, *bona fide,* residing in this State.

But the fact that the husband abandons his wife, or suffers her to act as a *femme sole,* and take care of herself, does not give her a right to mortgage either his or her separate property—whatever may be the effect of such acts of the husband in rendering her personally liable for her contracts.

APPEAL from the Fourth District.

The facts are substantially stated in the opinion of the Court.   The prayer of the complaint was, that the premises mortgaged be sold, and

the amount due plaintiffs be paid; that, after the time for redemption had expired, the purchaser at the sale be let into possession, on production of a Sheriff's deed; and that parties be foreclosed, etc.; "but the plaintiffs do not pray for any personal decree against the said defendants, or either of them."

Mrs. Brown demurred to the complaint, as not stating facts sufficient to constitute a cause of action. Overruled. She then answered, denying the separation from her husband, as charged; averring that he was residing in this State at the time she executed the mortgages, though in a different county; and that the property was the homestead of herself and husband, and not her separate estate; and asking, that the instruments of mortgage be cancelled and delivered up. The case having been tried before the Court, by consent, without a jury, a decree of dismissal was entered. Plaintiffs appeal.

*B. S. Brooks*, for Appellants.

1. If the property in this case was the separate property of the wife, she being abandoned by her husband, she had the same right to contract in respect to it as a *femme sole*. (Wood's Dig. art. 2630; 2 Story's Eq· Jur. sec. 1387; *Cecil* v. *Nixon*, 1 Atk. 278; 2 Roper on H. & W. Ch. 18, sec. 4; 2 Browne, 193; 1 Hill, 8; 18 Johns. 141; 15 Mass. 31; 4 McCord, 148; 17 S. & R. 130; 2 Bay. 162; Id. 333; 4 Met. 478; 2 Ala. 537; 9 Id. 855; 1 Bos. & Pul. 226.)

2. If the note and mortgage do not take effect, as such, still, they are good as a charge upon the land, as the separate estate of the wife. (21 Eng. L. & E. 558; 13 Cal. 1; *Morrison* v. *Wilson*, Id.; 9 Id. 321; *Ingoldsby* v. *Juan*, 12 Id.; 2 Story's Eq. Jur. sec. 1397–8; 2 Bright. H. & W. 249–254; 17 Johns. 568; 3 J. C. 129; 7 Paige 9; 20 Wend. 570; 4 Barb. 407; 11 Paige, 475; 1 Comst. 452.)

*J. J. Papy*, for Respondent.

1. A promissory note made by a married woman during coverture, is void. (*Vance* v. *Wells*, 6 Ala. 737; *Edwards* v. *Davis*, 16 Johns. 281; Chitty on Bills, 21 (side page); Story on Pr. Notes, sec. 85; 22 Wend. 526; 4 Dana, 146; 2 Kent, 164.) And this, although she be living apart from her husband, and have a separate maintenance. (*Marshall* v. *Ruttan*, 8 T. R. 545; Chitty on Bills, 21; 2 Hill, 260.)

A *femme covert* cannot contract, under the law of this State, so as to ender her liable in an action at law. (*Rowe* v. *Kohle*, 4 Cal. 285.)

A married woman has no power to bind herself.    (3 Barb. 500; 1 J. Ch. R. 450; 17 Johns. 548.)

2. To incumber the realty, the wife must acknowledge separate and apart from the husband, and he must unite in the incumbrance.    (*Selover* v. *Am. R. Co.* 7 Cal. 266; Wood's Dig. 488, sec. 6; 8 Cow. 271; 1 Id. 89; 16 Johns. 110.)

3. Sec. 1, p. 490, Wood's Digest, is not applicable to this case, as the first note and mortgage were made before the statute, and the second mortgage was made but shortly after the statute.    Besides, the requirements of the second section were not complied with, as to the acknowledgment, nor is there anything to show that the husband was out of the State, etc.

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

The bill in this case was filed to subject a lot in San Francisco to sale, for the payment of a note and mortgage made by Mrs. Brown.    Brown, in 1853, went off and left his wife to take care of herself.    Before going, he made a deed of bargain and sale of this lot to his wife.    The bill alleges, that " immediately thereupon, the said Catharine Brown entered into the possession, use and occupation of the premises, and has ever since remained in the quiet enjoyment thereof, as her separate property, and without any interference of her said husband."    On the twenty-first of April, 1853, Catharine Brown mortgaged this property to one Henshaw, for $1,000, with interest, etc.    This principal sum was spent in improving the property.    Henshaw assigned this note and mortgage to Alexander J. Forbes, and he to the female plaintiff.    In 1855, Mrs. Brown made a new note and mortgage, for a balance due on the old note to the plaintiff.    Brown did not answer.    The wife answered, denying her separation from her husband, as charged in the bill.

The deed of Brown to his wife is not set out, so that we cannot know whether any terms of it go to create a separate estate in the wife.    We presume, however, that it is in the common form of a deed of bargain and sale.

The bill evidently proceeds upon the idea, that the husband had no interest in the property; but that the title vested in the wife, as her separate property by the deed; and the attempt is made to subject the property as that of the wife, by the act of the wife, and for her debt— with which debt the husband is not charged to have anything to do, or to be in any way bound to pay it.

The default of the husband, therefore, becomes unimportant, for no averments are made against him, making him or his property liable.

To make out plaintiff's case, therefore, something must be shown to bind the wife, or to subject this property as hers, or as bound by her acts.

If this property were, after this deed, common property, as it was before, or the separate property of the husband—of which we are not advised—still, nothing appears by this bill to entitle the plaintiff to the relief which he seeks.

If we take the plaintiff's theory for true, that the property became by the deed the separate property of the wife, then the deed of mortgage must have been so executed as to bind it. But the statutes of the State prescribe the mode of charging such separate estate—at least, if acquired after the acts were passed ; and we do not see that these acts, when operating *in futuro*, are not constitutional. These acts require, that the husband shall unite in the conveyance; and this is an indispensable condition, as we more than intimated in the case of *Morrison* v. *Wilson.*

It is true, that there is an exception to this requirement. It is found in the Act of February 14th, 1855, (Wood's Digest, 490) which is in these words : "Section 1, article 2,630. That a married woman, of legal age, shall have power to convey and transfer lands, or any estate or interest therein, vested in or held by her in her own right, as fully and perfectly as she might or could do if single or unmarried ; provided, the husband of such married woman be not, and for one year next preceding the execution of the instrument of conveyance by the wife, has not been *bona fide* residing in this State. Section 2. The execution of an instrument of conveyance by a married woman, independent of her husband, as provided in the preceding section, shall be acknowledged before the District Judge of the county in which the lands described in the conveyance are located, and the Judge taking such acknowledgment, shall, before he certify the same, be satisfied by the oaths of at least two credible, disinterested citizens of this State, that the husband of such married woman does not, and for one year next preceding the day of acknowledgment has not resided in this State; which fact, and the names of the witnesses by whom the same was proved, shall be recited in the certificate of acknowledgment."

But this case does not fall within these provisions. Because, first, the husband is not shown to have been a non-resident of the State, within the meaning and limitation of these provisions ; and second, the deed does not seem to have been executed and acknowledged as provided by the second section of the act.

The fact of the abandonment of the wife by the husband, or his suffering her to act as a *femme sole*, as stated in the bill, if such were the facts—whatever the effect of this may have been to render her personally liable for her contracts—neither gave her a right to bind his real property or her own by mortgage; and this seems to be an answer to the whole of the plaintiff's case.

The Legislature had a right to say how this sort of property should be bound, and it has, in effect, said that it should not be bound in this way; at least, no facts in this record show a right in the wife to bind the lot in this manner.

This was the conclusion of the learned Judge below, and we affirm his judgment.

A rehearing having been granted, and had, the Court at the January term, 1861, ordered from the Bench, that the former judgment be affirmed.