JOHN BECKMAN, Respondent, v. ELLEN STANLEY,
Appellant.

Right of Married Woman to Contract in case of Abandonment. The exception to the common law disability of a married woman to contract or maintain a suit, in case of abandonment by her husband, does not apply except in case the abandonment is absolute and embraces a total renunciation of marital relations.

Conveyance by Abandoned Wife, Husband must Join. The right of married women to alienate land in this State, whether their separate estate or community property, does not depend upon the common law, but upon our statutes; so that a wife's deed or mortgage, without her husband's joining in it, though he has abandoned her for years, is inoperative and void.

Appeal from the District Court of the First Judicial District, Storey County.

This was an action to foreclose a mortgage for $1518 45, on a certain lot on G street, in Virginia City. The mortgage was originally given by defendant, September 5, 1867, to T. J. Wood, and by him assigned to plaintiff. There was a judgment and decree as prayed. Defendant moved for a new trial, which was refused; and she then took this appeal from the judgment and order.

The facts in reference to the abandonment, upon which the decision of the court below was based, are fully set forth in the opinion.

*Mitchell & Stone*, for Appellant.

I.  A mortgage executed by a married woman upon either separate or common property is not binding, although her husband may have abandoned her prior to its execution. The question is one which does not arise under the rules of the common law, but under the statutes of the State regulating the manner in which liens or incumbrances may be created upon the community property or the separate estate of the wife. Stats. 1864–5, 239, Secs. 6 and 9. The statute is prohibitory in its terms; and abandonment of the wife by the husband does not authorize her to execute a mortgage, which requires the signature of the husband to render it valid. *Maclay* v. *Love*, 25 Cal. 367; *Leonard* v. *Townsend*,

26 Cal. 446; *Harrison* v. *Brown,* 16 Cal. 288; *Camden* v. *Vail,* 23 Cal. 633; *Spear* v. *Ward,* 20 Cal. 659; *Rhea* v. *Phenner,* 1 Peters, 480; 46 Ill. 344: 1 Bishop on Marriage and Divorce, Sec. 602; 44 Ill. 58.

II.   Our statute makes no such exception as referred to in the California case of *Harrison* v. *Brown,* which authorized married women to transfer lands provided their husbands were absent from the State for one year next preceding the execution of the conveyance.   Under our statute the prohibition is absolute; and abandonment by the husband cannot make that valid which by express terms of the statute is void without the husband's signature.

III.   In taking the position that it matters not under the statute whether the husband has abandoned the wife or not, we do not concede that abandonment has taken place.   While Stanley has been absent from the United States since 1859, still it appears that defendant has received frequent letters and remittances of money from him for her support, and none but the most friendly relations have existed between them during his absence.   It is not, therefore, like one of those cases of total abandonment and desertion which occurred in the cases cited by counsel.

IV.   A question of fraud can hardly arise in the case.   If the mortgage is void for want of the husband's signature, no act of hers could make it valid in the face of the statutory prohibition, however fraudulent such act might be.   If such an argument is entitled to any weight, it certainly could have been urged in the cases of *Harrison* v. *Brown* and *Rhea* v. *Phenner.*   Those cases are in all respects parallel to the case at bar, and if followed by this court the mortgage should be declared void and the judgment foreclosing it reversed.

*Jonas Seely,* for Respondent.

I.   A wife has no more disabilities and is entitled to no more exemptions under our statute than under the common law.   The statute only provides a rule relating to property of certain married persons when they are so circumstanced that the courts will recognize the marriage relation.   In

Beckman v. Stanley.

other cases, as in this, the wife may make contracts and con-
veyances of all kinds, including mortgages; and she is bound
by them, as well as the estate in her name covered by them.
By the principles of the common law defendant would cer-
tainly be considered a single woman and treated accordingly.
*Gregory* v. *Paul*, 15 Mass. 31; *Love* v. *Mayenbaum*, 16 Ill.
277; *Westcott* v. *Fisher*, 22 Ill. 390; *Smith* v. *Silence*, 4 Iowa,
321; *Benadam* v. *Pratt*, 1 Ohio State, 403; 5 Ohio St. 580;
17 S. & R. 130; 4 McCord, 108; 1 Bishop on Mar. and Div.
Secs. 597, 598, 605-8. And being so considered, our statute
relating to husband and wife has no application to this case.

II.    To treat the defendant under the circumstances as a
single woman would certainly be no wrong to the husband;
for he years ago abandoned her, absented himself from
her society, gave her over as a prey to the vicious and de-
praved and left her to obtain her living in the most disrepu-
table manner. He no longer claims her as his wife and
gives her none of the protection to which a wife is entitled.
Nor is the defendant wronged by so treating her, for she has
gained the advantages of a single woman even to the extent
of acquiring the property in controversy apparently in that
capacity; and in equity she ought to be held to the corre-
sponding liabilities, including the payment of this debt.
To refuse to treat her as a single woman would not only
wrong the plaintiff; but the rule invoked by which for her
to escape the payment of this debt, if established, would
be a contrivance through which and by which the public
would greatly suffer.

III.    To say that under the facts of this case the defend-
ant is liable on the notes (which appellant tacitly admits),
and then under the same facts to say that the mortgage
which is the only means for obtaining payment of the notes
is void, is not in harmony with the rules of courts of jus-
tice in analogous cases nor the principles of equity.

By the Court, BELKNAP, J.:

This action is brought to foreclose a mortgage executed
by the appellant in October, 1867. The answer avers that

Beckman v. Stanley.

at the time of making the mortgage the defendant was a married woman. The cause was tried by the judge by whom the following facts were found:

"That said defendant was married to one Stanley on the 25th day of January, A. D. 1858, at Sacramento, State of California; that said Stanley left the United States and abandoned the defendant more than nine years ago, and has never since returned to the United States, nor has defendant seen said Stanley for more than nine years, nor has said Stanley ever been in Nevada.

"That defendant for eight years and more last past has resided in Virginia, Storey County, Nevada, and during all that time has been there engaged in the business of keeping and carrying on in her own name as a single woman, a boarding and lodging-house and brothel, and that she has purchased supplies therefor sometimes on credit and sometimes for cash and conducted all the business, including payment of bills, in her own name—the said Stanley not being in any way known or connected with any of said business or having any interest therein, or his existence or marriage with defendant known in or by the community where defendant has resided for the last eight years.

"That during the last nine years said Stanley has contributed something by way of remittances of money to the defendant for her support, but how much was not proven; and it was not found nor was it proven that the fact was known to any one but defendant; and that she has during said period received frequent letters from said Stanley."

The facts alleged in the complaint were also found. Judgment was entered for plaintiff, and from the judgment and an order denying a new trial this appeal is taken.

The exception to the common law disability of a married woman to contract or maintain a suit in case of abandonment by her husband has been recognized so frequently that it may be considered established. But the abandonment must be absolute and embrace a total renunciation of marital relations. In such cases courts have treated the deserted wife in all respects as a *feme sole,* allowed her to contract,

sue and be sued, and to alienate lands without her husband.
Upon this theory respondent relies to sustain the judgment.
But the fact that the husband has contributed to the support
of the defendant and frequently communicated with her,
negatives that complete abandonment which the law requires
before it will treat a married woman as a *feme sole*.

In our view of this case, however, the question of aban-
donment is immaterial to the validity of the mortgage.   The
right of married women to alienate land in this State, whether
their separate estate or community property, does not de-
pend upon the common law, but upon our statutes.   Sec-
tion 6 of the act defining the rights of husband and wife
(Stats. 1864–5, p. 239) provides: "The husband shall have
the management and control of the separate property of the
wife during the continuance of the marriage; but no aliena-
tion, sale or conveyance of the real property of the wife, or
any part thereof, or any right, title or interest therein, and
no contract for the alienation, sale or conveyance of the
same, or any part thereof, and no lien or incumbrance there-
on, shall be valid for any purpose unless the same be made
by an instrument in writing, executed by the husband and
wife, and acknowledged by her as provided for in the acts
concerning conveyances in case of the conveyance of her
separate real estate."   And section 9: "The husband shall
have the entire management and control of the common
property, with the like absolute power of disposition as of
his own separate estate."   These sections are prohibitory;
and any alienation of land by a married woman must be in
the mode therein prescribed.

In *Rhea* v. *Phenner* there was a voluntary abandonment of
the wife by the husband without having furnished her with
the means of support. · In his absence the wife acquired
title to certain real estate, and when he had been beyond
seas five years she executed a conveyance thereof.   The
court admitting the doctrine that a *feme covert* abandoned by
her husband may contract debts as a *feme sole*, said: "But
by the laws of Maryland, which must govern in this case, a
married woman cannot dispose of real property without the

consent of her husband; nor can she execute a good and valid deed to pass real estate unless he shall join her in the deed. The separate examination and other solemnities required by law are indispensable and must not be omitted." The deed was declared inoperative and void. 1 Peters, 106.

So in California, under a statute identical with ours, the court said: "The fact of the abandonment of the wife by her husband or his suffering her to act as a *feme sole* as stated in the bill, if such were the facts—whatever the effect of this may have been to render her personally liable for her contracts—neither gave her a right to bind his real property or her own by mortgage; and this seems to be an answer to the whole of the plaintiff's case. The legislature had a right to say how this sort of property should be bound, and it has, in effect, said that it should not be bound in this way." *Harrison* v. *Brown,* 16 Cal. 288.

The case at bar comes directly within the rule adopted by the supreme court of the United States in the first of Peters, and by the supreme court of the State of California; and we have been unable to find any authority to the contrary. The judgment and order of the district court are reversed and cause remanded.