Filed Sept. 28, 1887.

———◆———

No. 12,976.

## THE McCORMICK HARVESTING MACHINE COMPANY v. SCOVELL ET AL.

MORTGAGE. — *Husband and Wife.* — *Tenants by Entireties.* — *Suretyship of Wife.*—*Conveyances to Evade Statute Prohibiting.*—S. and wife owned land as tenants by entireties and the former was indebted. To evade the statute (section 5119, R. S. 1881) prohibiting a married woman from incumbering her property as surety, the land was conveyed to a trustee, who reconveyed it to the husband alone, after which it was mortgaged by the husband and wife to secure the former's antecedent debt, and then, through another trustee, reconveyed to the husband and wife as previously held. The mortgagee knew of the purpose of the conveyances.

*Held*, that under the statute mentioned the mortgage is void.

From the Hamilton Circuit Court.

*A. F. Shirts* and *G. Shirts*, for appellant.

*T. J. Kane* and *T. P. Davis*, for appellees.

ZOLLARS, C. J.—In January, 1885, as averred in the complaint, appellee Marion R. Scovell executed notes to appel-

lant, and at the same time he and his wife, Adella M., to secure the payment of those notes, executed a mortgage to appellant upon real estate.

Appellant brought this action to recover judgment upon the notes and to foreclose the mortgage.

A joint answer was filed by appellees, and also a separate answer by the wife, Adella M. As those answers rest upon substantially the same facts, a brief extract of the separate answer by Adella M. will suffice. In that answer it is averred, in substance, that Adella M. was the wife of her co-defendant, Marion R. Scovell, at the time the mortgage was executed; that at the time of, and prior to, the execution of the mortgage, she and her husband owned and held the real estate covered by the mortgage as tenants by entireties; that on the day the mortgage was executed, and immediately prior to such execution, at the request of appellant, and without any consideration whatever, they executed a deed conveying the real estate to Walton Furnas, as trustee, who at once reconveyed the same to the husband; that immediately after such reconveyance the mortgage in suit was executed to secure an antecedent debt which the husband owed to appellant; that there was no consideration whatever for the deeds and mortgage except the securing of the husband's antecedent debt; that soon after the mortgage was executed the husband and wife conveyed the real estate to another trustee, who reconveyed it to them jointly as tenants by entireties, and that they are still such tenants; that Adella M. executed the mortgage as a security for the husband's antecedent debt to appellant, and for no other or different consideration, and that appellant, through its agents, had actual knowledge of all the facts as above stated.

The court below overruled demurrers to the answers. Those rulings are assigned as error.

It is settled in this State that, under the statute of 1881 (R. S. 1881, section 5119), a mortgage by a married woman upon her separate real estate to secure a debt of her hus-

band, or any other person, may be defeated by her in a suit by the mortgagee, unless her conduct has been such as to work an equitable estoppel against her.

It is settled, also, that she may thus defeat such a mortgage when it is upon real estate which she owns with her husband as tenants by entireties. It is further settled, that when such a mortgage is upon real estate which she owns with her husband as tenants by entireties, it is thus voidable, not only as to her, but as to the husband also. *Dodge* v. *Kinzy*, 101 Ind. 102 ; *Crooks* v. *Kennett, ante,* p. 347 ; *Bridges* v. *Blake*, 106 Ind. 332. See, also, *Rogers* v. *Union Central Life Ins. Co., ante,* p. 343.

The averments in the answers are not as certain and specific as the rules of good pleading require, but we think that it sufficiently appears that the deeds and mortgage were parts of one transaction, and that the purpose, and only purpose, of all the parties concerned, including appellant, acting through its agents, was to avoid the statute, *supra,* which prohibits a married woman from mortgaging her real estate as security for the debt of another.

Had the mortgage in suit been made direct to appellant, without the deeds mentioned in the answers, there could have been no question of its invalidity as to both of the appellees. It is a familiar rule of the law, that what can not be done directly may not be done indirectly. See *Jouchert* v. *Johnson*, 108 Ind. 436.

In our judgment the answers were sufficient, and the demurrer thereto was properly overruled.

Judgment affirmed, with costs.

Filed Sept. 27, 1887.