Cook v. Walling.

Filed Jan. 22, 1889.

---

No. 13,506.

Cook v. Walling.

MARRIED WOMAN.—*Mortgage.*—*Invalid Unless Lawful Husband Joins.*—*Estoppel.*—Where a woman, whose husband has been absent and not heard of for more than seven years, assumes that he is dead and marries another man, and while cohabiting with the latter, and claiming him to be her husband, executes a mortgage upon her separate real estate, in which he joins, she may, upon the subsequent return of her lawful husband, and the resumption of marital relations with him, defeat the mortgage by a plea that he did not join therein as required by law, there being no ground for the application of the doctrine of estoppel.

SAME.—*Estoppel Under Act of 1881.*—*Prior Contract.*—The statute of 1881 providing that married women shall be bound by an estoppel *in pais*, has no application to prior contracts.

From the Floyd Circuit Court.

*J. V. Kelso*, for appellant.

*A. Dowling* and *J. H. Stotsenburg*, for appellee.

MITCHELL, J.—The question for decision arises upon the following facts, which are admitted by the pleadings: In December, 1855, the appellee, Mary C. Walling, became the lawful wife of Creed A. Walling, who, after living with her until some time in the year 1860, went to parts unknown and was not again heard of until the year 1876, a period of some sixteen years. After Walling had been thus absent for more than seven years, acting under the supposition that he was dead, the appellee married Alexander E. Hughes, and removed from a foreign State with him, where they had theretofore resided, to Floyd county, Indiana. She purchased a tract of land in the above named county, which was conveyed to her by the name of Mary C. Hughes. In 1875, the appellee, by the name of Mary C. Hughes, joined with her supposed husband, Alexander E. Hughes, in mortgaging the real estate so purchased and owned by her, to secure a debt due from Hughes to the appellant, Kate C. Cook. The appellee lived and cohabited with Hughes, and claimed him as her husband, and claimed and was reputed to be his lawful wife, during all the time they lived in Indiana, until the year 1876, when Walling returned and made the fact known that he was still in life, whereupon the appellee obtained a divorce from Hughes, and resumed and has ever since continued marital relations with Walling.

The question is, whether or not in a suit to foreclose the mortgage given as above, the facts hereinbefore recited are sufficient to avoid a special plea by Mary C. Walling, in which she alleged that the lands described in the mortgage were her separate estate, and that at the time of the execution of the mortgage, she was and ever since had been the wife of Creed A. Walling, and that he did not join in the execution of the mortgage.

A statute touching the marriage relation, in force at the

time the mortgage was executed, as well as that now in force, declares that a married woman shall have no power to encumber or convey her real estate, except by deed in which her husband shall join. 1 R. S. 1876, 550 (section 5117, R. S. 1881).

It being conceded by the record that the appellee was, at the time she executed the mortgage, the lawful wife of Creed A. Walling, and that he did not join therein, it follows inevitably that the mortgage was a nullity. The power of a married woman to convey or encumber her separate real estate is wholly statutory, and any deed or other instrument purporting to convey or encumber her land, in which her husband has not joined, is absolutely void because of the want of power or capacity on her part to execute such an instrument without being joined therein by her husband. As has been said, "The instrument has the form and semblance of a deed, and nothing more." *Lowell* v. *Daniels*, 2 Gray, 161 (61 Am. Dec. 448). It is without legal force and of itself creates no equity which the courts can recognize or protect. *Otis* v. *Gregory*, 111 Ind. 504, and cases cited.

Tacitly conceding the invalidity of the instrument, it is, nevertheless, contended with much plausibility, that, because the appellee was living and cohabiting with Hughes, and because the latter, assuming to be her husband, joined in the execution of the mortgage, she ought now to be estopped from asserting that her husband did not join therein.

An estoppel *in pais* has for its foundation the proposition that a person *sui juris* has, by misrepresenting the truth, purposely induced another to believe in, and act upon, the existence of certain facts, which, if they were now made to appear different from what they were represented to be, would cause substantial injury to the person who acted on the faith of the representation. When, therefore, a married woman deals, or assumes to deal, in respect to a matter concerning which her common law disabilities have been removed, she will be bound by an estoppel *in pais*, as any other person, and

in case she makes affirmative representations concerning the character in which she proposes to contract—whether for the benefit of herself or of some third person—and thereby induces another, who acts in good faith, to contract with her, supposing the contract to be of the character represented, she will be estopped to deny the representations, in case she would have been *sui juris*, in respect to the contract, had the facts been as represented. *Orr* v. *White*, 106 Ind. 341 ; *Rogers* v. *Union Cent. L. Ins. Co.*, 111 Ind. 343 ; *Lane* v. *Schlemmer*, 114 Ind. 296 ; *Bodine* v. *Killeen*, 53 N. Y. 93.

Where, however, the contract relates to a matter concerning which all the common law disabilities continue, so that the contract is utterly void for want of power or capacity to make it, the doctrine of estoppel can not be invoked in order to remove the incapacity. In other words, while a married woman may be estopped by affirmative representations concerning the character of a contract, which, if her representations be true, she is, notwithstanding her coverture, under no legal disability to make, she can not, by her own act or representation, remove her legal incapacity to make a contract, which coverture alone, under any and all circumstances, disqualifies her from making, except in a prescribed way. *Carpenter* v. *Carpenter*, 45 Ind. 142; *Levering* v. *Shockey*, 100. Ind. 558 ; *Bank of America* v. *Banks*, 101 U. S. 240 ; *Sims* v. *Everhardt*, 102 U. S. 300 ; *Keen* v. *Coleman*, 39 Pa. St. 299 (80 Am. Dec. 524) ; *Klein* v. *Caldwell*, 91 Pa. St. 140 ; *Morrison* v. *Wilson*, 13 Cal. 494 (73 Am. Dec. 593) ; *Todd* v. *Pittsburgh, etc., R. R. Co.*, 19 Ohio St. 514.

The statute, as well as the common law, deprives a married woman of all power to convey or encumber her separate real estate, except by deed in which her husband shall join. Without the joinder of the person who occupies toward her the legal relation of husband, the impediment in the way of a deed by a married woman is an absolute incapacity to contract, and this legal incapacity is not cured nor removed because some person other than her husband has joined in the

deed, even though she may be at the time cohabiting with such person in the honest belief that he is her husband.

It would present a contradiction in terms to hold that an abortive attempt by a married woman to make a deed, which she had no legal capacity to make, should remove her incapacity by the application of the doctrine of estoppel. *Behler* v. *Weyburn,* 59 Ind. 143.

Desertion or continued and unheard of absence may constitute a ground of divorce, and in case a husband shall have absented himself from his usual place of residence, and gone to parts unknown for a given period, the court having probate jurisdiction may appoint an administrator, after which appointment, the wife of the departed person shall have all the rights and independent powers of a *feme sole,* and may contract and execute deeds for herself. Sections 2232, 2234, R. S. 1881. But a married woman who has been deserted can not lawfully contract a second marriage, during the lifetime of her husband, without obtaining a divorce, nor can she alien or encumber her real estate in his absence, except by pursuing the course indicated by the statute. *Rhea* v. *Rhenner,* 1 Pet. 105; *Beckman* v. *Stanley,* 8 Nev. 257; *Harrison* v. *Brown,* 16 Cal. 287.

The appellee's second marriage was a nullity, because her husband was alive at the time, and for the same reason her deed was void, although joined in by a person supposed to be her husband, but who in fact was not.

Whether or not the conclusions above stated would be in any way modified had the mortgage in suit been executed since the statute of 1881, touching estoppels *in pais,* affecting married women, came in force, we need not now inquire. It is enough to say the statute referred to has no application to the contract in question.

The judgment is affirmed, with costs.

Filed Jan. 22, 1889.