Long *v.* Crosson.

Filed May 11, 1889.

No. 13,589.

## LONG *v.* CROSSON.

MARRIED WOMAN.—*Separate Real Estate.—Conveyance to Husband.—Mortgage.—Contract of Suretyship.—Estoppel.*—Where a wife transfers her separate real estate to her husband, by conveyances importing a money consideration, for the purpose of enabling him to mortgage it, as his property, to secure a loan for his own benefit, she will be estopped, as against a mortgagee who is not shown to have had knowledge that the conveyances were a mere contrivance to evade the statute (section 5119, R. S. 1881) prohibiting her from entering into contracts of suretyship, from asserting that the transfer was not *bona fide.*

From the Benton Circuit Court.

*D. E. Straight* and *U. Z. Wiley,* for appellant.

*M. H. Walker* and *I. H. Phares,* for appellee.

MITCHELL, J.—The following facts present the question for decision : Mattie Long, wife of James Long, being the owner in her own right of a certain lot in the town of Fowler, in Benton county, executed a deed, in which her husband joined, by which she conveyed the lot to John Dempsey for the nominal consideration of fifteen hundred dollars. Dempsey, on the same day, for a like consideration, conveyed the property to James Long, husband of Mattie Long. There

was no consideration actually paid or agreed to be paid for either of the foregoing conveyances, they having been made merely to invest James Long with the title, so that he might secure a loan of five hundred dollars which he desired to make for his own benefit. Afterwards, on the 17th day of October, 1881, Crosson, upon the recommendation and solicitation of Dempsey, made a loan of five hundred dollars to Long and took a mortgage upon the property owned and conveyed as above, in which both Long and wife joined, as security. Dempsey, who knew of the purpose for which the title had been transferred from Mrs. Long to her husband, furnished Crosson two hundred and fifty dollars of the money thus loaned to Long, and took his note for the amount. The title had stood in the name of James Long some six months at the time Crosson made the loan, and there was evidence tending to show that he took the security upon the faith of an abstract of title furnished him, and that he had no knowledge that the title had been transferred merely to enable Long to make the loan, and to evade the statute which prohibits a married woman from entering into any contract of suretyship by pledging her property for the debt of another, or otherwise. The title has remained in the husband ever since the above mentioned conveyances were made, in April, 1881.

The foregoing facts appeared in a suit by Crosson to foreclose his mortgage taken as above. Upon the facts thus summarized, the court below gave judgment of foreclosure against both the mortgagors. The wife prosecutes this appeal, and on her behalf it is insisted that the facts show nothing more than an indirect attempt to do that which is prohibited by section 5119, R. S. 1881, which declares, in effect, that a married woman shall not, in any manner, enter into any contract of suretyship, and that all such contracts as to her shall be void.

We fully concur in the view that the statute which removes the disabilities of married women, to the extent that

Long *v.* Crosson.

it does, was designed for their more complete protection, and to enable them the better to use and enjoy their separate property. The above section, which prohibits married women from entering into contracts of suretyship, was intended to secure to them or their estates the exclusive benefit of their contracts, and to protect them and their property from the importunities of others. Accordingly, the rulings have uniformly been that the law should be liberally and justly construed, so as not to permit injustice on the one hand by trick or evasion, or by fraud or misrepresentation as to the character of the contract on the other. *Cupp* v. *Campbell*, 103 Ind. 213; *Orr* v. *White*, 106 Ind. 341; *McCormick, etc., Co.* v. *Scovell*, 111 Ind. 551; *Jouchert* v. *Johnson*, 108 Ind. 436; *Rogers* v. *Union, etc., Life Ins. Co.*, 111 Ind. 343; *Lane* v. *Schlemmer*, 114 Ind. 296; *Cook* v. *Walling*, 117 Ind. 9.

Conformable to the maxim which declares that whatever is prohibited by law to be done directly can not legally be effected by an indirect and circuitous contrivance (Broom Legal Max. 432), it was held in *McCormick, etc., Co.* v. *Scovell, supra,* that where a husband and wife joined in conveying real estate owned by them as tenants by entireties, to a third person, the latter conveying to the husband so as to enable him to mortgage the property to secure an antecedent debt owing by him to another, who knew of the purpose for which the several transfers were made, the deeds and mortgage constituted substantially one transaction and were void as an evasion of the statute which prohibits a married woman from entering into a contract of suretyship. Whatever device may be resorted to for the purpose of evading the statute, if the person seeking to enforce the contract knew of, or participated in, the design, or purposely remained ignorant, courts will deal with the transaction according to its substance, regardless of the form in which it may have been disguised. In the present case the title was transferred from the wife to her husband more than six months before the mortgage in suit was taken. It has remained in the hus-

band ever since, notwithstanding more than seven years have elapsed, with, so far as appears, the fullest approbation of his wife. Although the evidence is not entirely satisfactory upon the point, there was testimony tending to show that the mortgagee had no knowledge of the purpose for which the title had been transferred from Mrs. Long to her husband; nor does it appear that she was in any way overreached or misled by her husband or any one else. She purposely, knowingly and deliberately transferred the title to her separate property to her husband with the intention that he should thereafter, as he might find opportunity to make a loan, mortgage it as his property, for his own benefit, to secure the loan. As against one who subsequently made the anticipated loan, and who is not shown by clear and satisfactory evidence to have had knowledge that the conveyances were a mere contrivance to evade the statute, she is now estopped from asserting that the transaction was of a character different from what it appeared to be.

Evidence was admitted to show that a building formerly situate on the lot in controversy had been destroyed by fire, and that the husband had made proof of the loss and had collected seven hundred dollars insurance upon a policy theretofore taken on the building in his name. There was no prejudicial error in this ruling. The most that can be said of it is that the evidence was immaterial. There was no error.

The judgment is affirmed, with costs.

Filed May 10, 1889.