Filed March 17, 1893.

———————————◆———————————

No. 16,135.

Sohn and Company v. Gantner et al.

Estoppel.—*Conveyance of Land by Wife to Husband to Avoid Statute Against Suretyship by Wife.—Mortgage on by Husband.—Right of Wife to Avoid.—Acts and Declarations by Wife.*—Where the wife, to avoid the statute which prohibits the wife from becoming the surety of her husband, and for the purpose of enabling him to mortgage her land, conveyed her real estate, through a third person, to her husband, of all of which facts the mortgagee had knowledge, the wife can not be estopped, by anything which she could do or say, from avoiding the mortgage.

From the Rush Circuit Court.

*A. Bettinger, B. L. Smith* and *C. Cambern*, for appellants.

*T. J. Newkirk*, for appellees.

COFFEY, C. J.—This was an action by the appellee Catharine Gantner against the appellants, to cancel a certain mortgage described in the complaint. The complaint alleges, substantially, among other things, that prior to the 23d day of September, 1885, the appellee Catharine Gantner was, and for many years prior thereto had been, the wife of her co-appellee John Gantner and was the owner in fee of the land described in the complaint; that at said date the said John Gantner, her husband, was indebted to the appellants in the sum of three thousand dollars, and in order to secure said indebtedness, on that day she and her husband conveyed said real estate to Ben L. Smith, as trustee, and he, on the same day, and as part of the same transaction, reconveyed the same to her husband, John Gantner, and thereupon, at the same time, as a part of the same transaction, the said John Gantner and the appellee, Catharine, executed to the appellants a mortgage on said real estate to secure the said sum of three thousand dollars; that the debt thus secured was the separate debt of the husband, and that at the time of the execution of the mortgage, the appellants knew that fact, and knew that the real estate thus mortgaged was the separate property of the appellee Catharine Gantner and that the only purpose in conveying the property to Smith, and by Smith back to the husband, was to avoid the statute and to enable the husband to mortgage the same to secure said debt, as the appellants at the time well knew; that, at the time she executed the deed to Smith, the husband promised and agreed to reconvey the land therein described to the appellee Catharine, as soon as said mortgage was executed, and that she supposed such reconveyance had been made, until on the 10th day of May, 1889, she learned that her husband had failed to keep his promise and agreement, when she demanded such reconveyance,

whereupon her husband did reconvey the same to her, by means of which conveyance she became and now is the owner of the property.

Answers, cross-complaints, and replies were filed in the cause, resulting in issues which were tried by the court without the intervention of a jury. The court found for the appellee Catharine Gantner, and, over a motion for a new trial, entered a decree declaring the mortgage described in the complaint canceled.

From that decree this appeal is prosecuted.

The only questions discussed by counsel for the appellants, in their brief, relate to the sufficiency of the evidence to sustain the finding of the court, and for this reason all other questions in the record, if there are any others, are waived and need not be considered by us.

It is shown, by the evidence in the cause, that prior to the 29th day of June, 1885, the title to the property described in the mortgage in controversy was in John Gantner. On that day he and Catharine Gantner conveyed to John H. Cole, who at once reconveyed to the said Catharine. The title remained in her until the 23d day of September, 1885, when she and her husband conveyed to Ben L. Smith, who immediately reconveyed to John Gantner. John Gantner and the appellee Catharine Gantner, on the same day executed the mortgage in suit, the title to the property having been vested in John Gantner for that purpose. The agent of the appellants was present at the time these last conveyances were made, and knew the purpose for which they were made. On the 10th day of May, 1889, John Gantner reconveyed the property to his wife, Catharine Gantner, the appellee.

It is contended by the appellants:

*First.* That the deed from John Gantner and wife to

Cole, and the reconveyance by Cole to Catharine Gantner, are void as to creditors, because there was no valid consideration to support the same.

*Second.* That if there was any consideration for such conveyances, it was so grossly disproportionate to the value of the property as to vitiate the same.

*Third.* That the conveyance to Cole and the reconveyance to the appellee Catharine Gantner were made to cheat and defraud the creditors of John Gantner, and hence the reconveyance to him was proper.

As to all these matters the evidence is conflicting. It was claimed by Catharine Gantner, on the trial of the cause, that her husband, John Gantner, was indebted to her in a large sum of money, and that, for the purpose of paying such indebtedness, the property in controversy was in good faith conveyed to her. There was evidence tending to support this contention. The court trying the cause, with all the witnesses before it, found in her favor. Under the well known rules of this court, we have no power to interfere with this finding.

The deed executed by the appellee to Smith, on the day the mortgage in suit was executed, contains the following clause, namely:

"This deed, made for the purpose of placing title of said property in John Gantner, who is and ever has been the real owner thereof."

It is contended, by the appellants, that the appellee Catharine Gantner is estopped, by reason of this clause, from now asserting that she was the owner of the property at the time the mortgage was executed.

It is well settled, in this state, that a married woman may be estopped by her conduct and declarations, to the same extent as she would be estopped if she were single. *Orr* v. *White*, 106 Ind. 341; *Lane* v. *Schlemmer*, 114

Ind. 296; *Ward* v. *Berkshire Life Ins. Co.*, 108 Ind. 301; *Rogers* v. *Union Cent. Life Ins. Co.*, 111 Ind. 343.

But if the land was conveyed to the husband for the purpose of enabling him to mortgage it to the appellants, and for the purpose of avoiding the statute which prohibits the wife from becoming the surety of the husband, of which facts the appellants had notice, nothing she could do or say would estop her from avoiding the mortgage. In this case, however, Mrs. Gantner testified, on the trial of the cause, that she could not read the English language, and that the clause in question was not read to her, and that she had no knowledge that any such language was contained in the deed. If this be true, and the court, we must presume, found it to be true, she was not estopped by this clause from asserting, as against the appellants, that she was the owner of the land covered by the mortgage at the time of its execution.

We find no error in the record for which the judgment should be reversed.

Judgment affirmed.

