Filed Dec. 22, 1893.

---

No. 16,321.

## Klein et al. *v.* Gantner et al.

From the Rush Circuit Court.

*N. Morris, L. Newberger, J. B. Curtis, B. L. Smith, C. Cambern* and *A. Bettinger,* for appellants.

*T. J. Newkirk,* for appellees.

Howard, J.—This case was an action by appellants on a note and mortgage, the note being executed by the appellee, John Gantner, and the mortgage securing the same executed by both appellees.

No question arises upon the answer of the appellee, John Gantner.

The appellee, Catharine Gantner, answered, first, by a general denial.and, second, that she is the wife of John Gantner, and has been for thirty years; that in 1868, she loaned her husband $650, and in 1874, the further sum of $1,000, with which money he purchased the real estate upon which appellants sought to foreclose the mortgage in suit; that on June 29, 1885, she and her husband conveyed said real estate to a trustee who, on the same day, reconveyed the same to her; that the consideration of such conveyance to her was the indebtedness of her husband to her, and also her agreement to pay a mortgage of $4,000 on said property incurred for buildings and improvements thereon; that besides the indebtedness in suit, her husband was indebted to John G. Sohn & Co. for about $3,000; that on September 23, 1885, said appellee and her husband conveyed said real estate to a trustee, who, on the same day, reconveyed the same to her husband, John Gantner; and that, as a part of the same transaction, appellees made a mortgage on said real estate to secure said debt to John G. Sohn & Co.; that at the time of said last conveyance, her husband had agreed to reconvey said real estate to her as soon as said mortgage was made to Sohn & Co., and that she supposed that this had been done until May 10, 1889, when she demanded a reconveyance, and the same was then made; that on July 8th, 1886, her husband executed the notes sued on to appellants for his sole debt; that the mortgage sued on was executed to secure the payment of said notes; that the debt was the debt of her husband, and that she executed the mortgage as security for that debt; that before the execution of the mortgage sued on, said appellee and her husband informed the appellants that the real estate mortgaged was the property of the said appellee, Catharine, and that her husband had no interest therein; that the appellants were fully aware of said fact and of all facts stated in this answer.

To this paragraph of answer, the appellants replied by a general denial.

There was a trial by the court, and a special finding of facts and conclusions of law in favor of the appellee, Catharine Gantner.

The court found the facts substantially as alleged in said appellee's second paragraph of answer.

The conclusions of law as to Catharine Gantner on these facts were: That there was a good consideration for the conveyance of the real estate in controversy to Catharine Gantner, June 29th, 1885; that a trust in said real estate existed in favor of Catharine Gantner after June 29, 1885, and that appellants had full knowledge of the same; that as to Catharine Gantner appellants' mortgage is void; that she is the owner of the real estate and entitled to have her title quieted as against said mortgage; that the debt secured by said mortgage is not the debt of Catharine Gantner.

Over objections by appellants to the findings and conclusions of law, the court entered judgment in favor of the appellee, Catharine Gantner, and against the said John Gantner in favor of appellants.

Afterwards appellants' motion for a new trial was overruled. The reasons given for a new trial were that the findings were contrary to law and to the evidence, and that the court erred in its conclusions of law.

The only reason for a new trial argued or insisted upon by counsel, is that the findings are not sustained by the evidence.

There is no conflict in the evidence except as to the finding: That at the time and before the execution of the mortgage in suit, appellants knew that the appellee, Catharine Gantner, claimed to be the owner of the real estate in controversy, and knew that she did not want to mortgage it to them.

As to this finding, the evidence given by appellee and her husband, and also by their daughter, is that before the execution of the mortgage there was a conversation between Solomon Klein, one of the plaintiffs, and Catharine Gantner, in which she told him that the property was hers; that it was all that she had left and that she worked hard for it, and did not want to lose it; that at first she refused to sign the mortgage, but afterwards did so on his assuring her that he would not push her for the debt, but only wanted something he could raise money on.

Solomon Klein, in his evidence, admits the conversation, but says that Catharine Gantner, in that conversation, made no claim to own the property.

It must be confessed that this evidence is not altogether satisfactory; but, considering the fact, known to appellants, that Catharine Gantner had held the title to the real estate in her own name for a part of the time previous to the execution of the mortgage; and considering the further fact, that all the witnesses were before the court, and that the court, therefore, had all opportunity to judge of their credibility, we can not say that the evidence was not sufficient to support the finding.

This case is not unlike that of ·*Sohn & Co.* v. *Gantner*, 134 Ind. 31, 33 N. E. Rep. 787. Both come from the same court and were against the same defendants, the appellees herein; both were for the foreclosure of a mortgage on the same real estate, and, in both, Catharine Gantner defended on the ground that she was the owner of the property, and that she executed the mortgage as security for her husband; and, in both, there is evidence that the mortgagees were aware of the claim of Catharine Gantner to the ownership of the land in question at and before the time of the execution of the mortage.

As in that case, so in this, the judgment must be affirmed.

Judgment affirmed.

Filed Oct. 31, 1893.