Abicht *v.* Searls.

---

ABICHT *v.* SEARLS ET AL.

[No. 18,826.   Filed May 17, 1900.]

MORTGAGES.—*Husband and Wife.—Tenants by Entireties.*—A mortgage executed by a husband and wife on lands formerly held by them as tenants by entireties, but which had been conveyed to a third person without consideration, and reconveyed to the husband, to secure the individual debt of the husband, is voidable, not only as to the wife, but as to the husband as well. *pp. 595-597.*

SAME.—*Husband and Wife.—Tenants by Entireties.—Estoppel.*— Where a wife joined her husband in conveying to a third person real estate held by them as tenants by entireties, and also joined in the execution of a mortgage thereon after the land had been reconveyed to the husband, to secure his individual debt, she is not thereby estopped from contesting the validity of the mortgage on the ground that the title to the property was held by them as tenants by entireties, no misrepresentation or concealment having been shown on her part. *pp. 597, 598.*

From the Delaware Circuit Court.   *Affirmed.*

*S. A. Dickson, J. D. Clark* and *Templer, Ball & Templer,* for appellant.

*R. S. Gregory, A. C. Silverburg* and *O. J. Lotz,* for appellees.

BAKER, J.—Suit by appellant to foreclose a mortgage. Answer in general denial by all the appellees, and answer of coverture and suretyship by appellee Mary E. Searls. Reply in general denial and two affirmative paragraphs of estoppel. Trial by the court. Special finding of facts and conclusions of law. Personal judgment for appellant against appellee Ezra Searls and judgment for appellees denying the foreclosure. Motion for a new trial overruled. Exceptions by appellant to each adverse ruling. The only question presented on this appeal is the correctness of the conclusions of law on the facts found.

The finding is substantially as follows: On February 17, 1886, John Kirk conveyed the real estate in controversy, a lot in Muncie, Indiana, to appellees Ezra Searls and Mary E. Searls, husband and wife, who took and held the title as tenants by entireties, until September 2, 1886. Some days prior to September 2, 1886, Ezra Searls applied to John A. Keener, a loan agent and money broker, residing in Muncie, to obtain a loan of $600 for use in his business as carpenter and contractor, and offered to give as security for the repayment of the loan a mortgage on the property owned by himself and wife; Keener was acquainted with the condition of the title and informed Searls that a mortgage could not be given while the title was held by himself and wife, and advised him to have conveyances made of the property by which the title might be in himself and if the title was so transferred he would procure him the loan. Shortly after this conversation Keener wrote to appellant, who lived in Dayton, Ohio, and informed him that he could loan for him $600, to be secured by first mortgage upon a Washington street property owned by Ezra Searls. Shortly after the receipt of the letter, appellant forwarded to Keener $600. On September 2, 1886, Keener prepared deeds from Ezra Searls and wife, Mary E. Searls, to Calvin Wachtell, and from Wachtell and wife to Ezra Searls, also a mortgage for $600 from

Searls and Searls to appellant, being the mortgage in controversy, and the deeds and mortgage were executed by the parties at the same time as a part of the same transaction. The consideration of the deeds purported to be $2,500, but in fact there was no consideration, and they were executed solely for the purpose of placing the title in Ezra Searls. As a part of the same transaction Ezra Searls executed to appellant a note for $600 and five interest coupon notes for $48 each, and to secure these notes he delivered to Keener the mortgage above mentioned. After the execution and delivery of the deeds, notes, and mortgage, Keener delivered to Ezra Searls the $600, and Ezra used and expended it in his own separate business, and no part was paid to or received by Mary E. Searls or applied to any debt or liability of hers, nor was any part used in the payment of any encumbrance on, or to improve or better the condition of the lot. Keener mailed the notes to appellant, and after the deeds and mortgage were recorded he prepared an abstract of title to the property and sent the mortgage and abstract to appellant at Dayton, Ohio. When the first coupon interest note became due, appellant sent it to Keener, who collected it and forwarded the money to appellant. There was due on the notes as principal, interest, and attorney's fees $1,187.35. Upon these facts the court concluded the law to be that appellant was entitled to a personal judgment aganist Ezra Searls for $1,187.35, and that he was not entitled to a foreclosure of his mortgage.

Had the mortgage been made directly to appellant without the conveyances mentioned in the special findings, there could have been no question of its invalidity as to both Ezra and Mary E. Searls, as it is settled law that a mortgage executed by husband and wife upon real estate owned by them as tenants by entireties, to secure the individual indebtedness of the husband, is voidable, not only as to the wife, but as to the husband as well. *Bennett* v. *Mattingly*,

110 Ind. 197; *Crooks* v. *Kennett*, 111 Ind. 347; 349; *McCormick, etc., Co.* v. *Scovell*, 111 Ind. 551; *Wilson* v. *Logue*, 131 Ind. 191; *Sohn & Co.* v. *Gantner*, 134 Ind. 31; *Klein* v. *Gantner*, 135 Ind. 699; *Grzesk* v. *Hibberd*, 149 Ind. 354. This being true, the conveyance of the property to Wachtell and the reconveyance to Ezra Searls (being without consideration and for the sole purpose of placing the title in Ezra Searls) would not change the result, for the law declares that whatever is prohibited to be done directly cannot be effected indirectly. *McCormick, etc., Co.* v. *Scovell, supra; Long* v. *Crosson*, 119 Ind. 3, 4 L. R. A. 783; *Grzesk* v. *Hibberd*, 149 Ind. 354.

It is the insistence of appellant, however, that on the facts, as found, Mary E. Searls is estopped from claiming that the title to the property was held by entireties. Such a conclusion is unauthorized by the special findings. The burden was on appellant to establish the facts constituting an estoppel, and to authorize a conclusion of law that a party is estopped, every essential element must be clearly stated in the special findings. It must affirmatively appear from the findings, *first*, that there was a misrepresentation or concealment of material facts; *second*, that the misrepresentation was made with knowledge of the facts; *third*, that the party to whom it was made was ignorant of the truth of the matter; *fourth*, that it was made with the intention that the other party should act upon it; *fifth*, that the other party was induced to act upon it, to his injury. *First Nat. Bank* v. *Williams*, 126 Ind. 423; *Franklin Nat. Bank* v. *Whitehead*, 149 Ind. 560, 39 L. R. A. 725. Keener was a loan broker, an intermediary, who brought borrower and lender together. His business was to find lenders for borrowers, and borrowers for lenders. In so far as he acted for a borrower, he was the borrower's agent. In so far as he acted for the lender, he was the lender's agent. *Haas* v. *Ruston*, 14 Ind. App. 8. Ezra Searls was the borrower, and appellant was the lender. The arrange-

ment between Keener and Ezra as to the proposed transfer of title was made, and the letter from Keener to appellant was sent, before Mary E. Searls is shown to have had any knowledge of the transaction.  The only thing that the finding shows that she did was to sign the deed and mortgage on September 2, 1886.  Appellant had sent Keener the money to loan before that time.  Keener, in his letter, did not disclose that he was acting for the borrower, Ezra; so, as far as appellant is concerned, he relied on Keener in making the loan, and Keener's knowledge was appellant's, if it were material that appellant's knowledge be shown. But the subject of appellant's knowledge would not be material until appellant had first established a misrepresentation or concealment of material facts on the part of Mary.  And that, the finding fails to show.

Judgment affirmed.