Snodgrass *v.* Morris, Auditor.

———◆———

No. 14,099.

## Snodgrass *v.* Morris, Auditor.

School Fund Mortgage.—*Cancellation of.—County Auditor.—Action Will Not Lie Against.—Married Woman.*—An action will not lie against a county auditor to secure the cancellation of a school fund mortgage on the ground that the property mortgaged belonged to the wife, and the mortgage was executed to obtain money for her husband.

Same.—*Married Woman.—Loan Obtained by.—Validity of.—Semble,* that it is, at least, very doubtful whether a married woman, who makes the statement the statute requires in order to obtain a loan from the school fund, can defeat the mortgage she joins in executing. There are strong reasons why the rule which applies in ordinary cases should not apply to such a case.

From the Henry Circuit Court.

*C. S. Hernly* and *S. H. Brown,* for appellant.

*J. M. Morris,* for appellee.

ELLIOTT, J.—The appellee is the auditor of Henry county, and the appellant is one of the mortgagors by whom a mortgage was executed to secure a loan obtained from the school fund. The object of the suit is to secure a cancellation of the mortgage, and the ground upon which a right to the relief sought is placed is that the property mortgaged belonged to the appellant, and was executed to obtain money for her husband.

A county auditor is a public officer, invested by the statute with certain rights and duties, and he possesses no other rights than those conferred by the statute. He is, in no sense, the owner of the school fund, nor has he any right to release or cancel mortgages given to secure loans made from that fund, except as the statute provides; and there is nothing in the statute empowering him to decide whether a mortgage is, or is not, void because executed by a married woman to obtain money for the benefit of her husband. It seems quite clear, therefore, that no action will lie against him to compel the cancellation of a mortgage executed to the State to secure a loan made from the school fund. As said of the auditor, in a similar case : "He is not the party in interest. The mortgage is neither payable to nor owned by him; it is payable to the State. The State is the party in interest." · *Crooks* v. *Kennett*, 111 Ind. 347.

Whether the appellant can, in any event, or in any suit against any person whatsoever, secure a cancellation of the mortgage, is a question upon which we express no opinion; but we may say that it is, at least, very doubtful whether a married woman who makes the statement the statute requires in order to obtain a loan from the school fund, can defeat the mortgage she joins in executing. There are strong reasons why the rule which applies in ordinary cases should not apply to such a case.

Judgment affirmed.

Filed April 26, 1890.