# Supreme Court of Judicature

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, MAY TERM, 1893, IN THE SEVENTY-
EIGHTH YEAR OF THE STATE.

———◆———

No. 16,265.

LLOYD *v.* THE STATE, EX REL. BANTA, AUDITOR OF MORGAN
COUNTY, ET AL.

MORTGAGE.—*School Fund Mortgage.*—*Married Woman.*—*When can not Defend Against.*—*Allowing Auditor to Pay the Money to Another.*—*Remedy.*—Where a married woman obtains a school fund loan, and executes her note and mortgage therefor, her husband joining in the mortgage, which are accepted by the county auditor, she has a right to the money which the loan calls for, and if the officer or officers refuse to discharge their duty in this behalf, and pay the money over to her, and if she fails to exact her rights in that behalf, or waives her right to the money, and directs or permits the auditor to retain and pay the money to others, she may have a right of action against the auditor, but she can not defend against the mortgage executed to the State.

From the Morgan Circuit Court.

*W. S. Sherley* and *M. H. Parks*, for appellant.

*A. G. Smith*, Attorney-General, *E. S. Davis*, Prosecuting Attorney, *N. A. Whittaker*, *W. R. Harrison*, *F. P. A. Phelps*, *A. M. Cunning*, *J. H. Jordan* and *O. Matthews*, for appellee.

(506)

Lloyd *v*. The State, *ex rel*. Banta, Auditor of Morgan County, *et al*.

OLDS, C. J.—The questions presented by the record in this case may properly be said to arise in a proceeding on relation of the State by the county auditor to foreclose a school fund mortgage, executed by the appellant and her husband, on land held in her own right, to secure a loan for $300.

The proceedings were originally instituted by the appellant to cancel the mortgage, but later the issues were shifted, and a cross-complaint on the relation of the State to foreclose the mortgage was filed.

The appellant was the owner in her own right of the real estate in controversy mortgaged to the State. The appellant seeks to defeat the mortgage, on the grounds that she was, at the date of the execution of the mortgage, and since, a married woman; that this fact was known to the auditor at the time he made the loan, and that the auditor never paid the money, or any part of it, to her, but applied the greater part of it in the payment of a debt of her husband, on which the auditor was security, and the balance he paid on her husband's debts.

By reason of these facts, appellant seeks to prove them as a defense to the mortgage, and the question is, can she, under the circumstances, make this defense to the mortgage sought to be foreclosed?

In the making of the loan all the requirements of the law were complied with. The record shows the loan to have been made to the appellant. The papers are all executed by her individually, except her husband joins in the execution of the mortgage. The note and the sworn statement as to title are signed by the appellant alone.

In *Snodgrass* v. *Morris, Auditor*, 123 Ind. 425, it was sought to secure the cancellation of a school fund mortgage on the same grounds of the defense sought to be made in this case, and this court said: "A county auditor is a

public officer, invested by the statute with certain rights and duties, and he possesses no other rights than those conferred by the statute. He is, in no sense, the owner of the school fund, nor has he any right to release or cancel mortgages given to secure loans made from that fund, except as the statute provides; and there is nothing in the statute empowering him to decide whether a mortgage is, or is not, void because executed by a married woman to obtain money for the benefit of her husband."

This, we think, enunciates the true doctrine. There is nothing to prevent a married woman from securing a loan from the school fund. If she complies with the law she is as much entitled to a loan as any other person, and she is presumed to know the law, as are all persons, and to know what rights and duties the county auditor is vested with. When she executes her note and mortgage, and it is accepted, she has the right to the money which the loan calls for, and if the officer or officers refuse to discharge their duties in this behalf, and refuse to pay the money over to her, she has a remedy, and may compel the payment of it to her; and if she fails to exact her rights in that behalf, or waives her right to the money, and directs the auditor to pay the money to another, or permits him to retain it and apply it to other purposes, she may have a right against him, but she can not defend against the mortgage executed to the State. The mortgage is the property of the State, and is enforceable against her.

The State can not be prejudiced or suffer loss by reason of her laches in failing to demand and receive the money on the execution of the mortgage, or in directing or permitting the auditor to retain and apply it in payment of her husband's debts.

What we have said disposes of all the questions involved in the case, for it follows that the appellant can

not defend against the mortgage on the grounds that the money was not paid to her, but applied by the auditor in payment of her husband's debts. If she authorized such application, she may have waived her right to the money; if she did not, she had her remedy, but can not defend against the mortgage. It is the policy of the law to guard with special care the school fund of the State.

The conclusion we have reached leads to an affirmance of the judgment.

Judgment affirmed.

Filed May 22, 1893.