The State, *ex rel.* Morris, Auditor, *v.* Frazier *et al.*

Filed June 16, 1893.

———————◆———————

No. 16,284.

THE STATE, EX REL. MORRIS, AUDITOR, *v.* FRAZIER ET AL.

MORTGAGE.—*School Fund Mortgage.—Married Woman.—When can not Set up Suretyship for Husband in Defense.*—A married woman, who signs the statement required by statute to obtain a loan of the school funds, can not avoid a repayment of the loan, on the ground that she signed the statutory note and mortgage as surety for her husband.

SAME.—*School Fund Mortgage.—Married Woman.*—In such case, such married woman alone signed and swore to the statement of her title, and she and her husband both signed the statutory note and

mortgage, and the auditor issued the warrant payable to her alone, and the money was paid to her. If she lost it by paying it over to her husband, it was the result of her own folly, for which the State is not responsible.

From the Henry Circuit Court.

*A. G. Smith,* Attorney-General, and *J. M. Morris,* for the State.

*J. M. Brown, S. H. Brown* and *T. B. Redding,* for appellees.

COFFEY, J.—This was an action by the appellant, against the appellees, in the Henry Circuit Court, to foreclose a mortgage executed by the appellees to the State of Indiana to secure the repayment of a loan of the common school funds of the State. The cause was tried by the court, resulting in a special finding of the facts in the case, with the court's conclusions of law thereon. Upon these findings and conclusions of law, a judgment was rendered for costs in favor of the appellee, Mary E. Frazier.

It appears from the facts found, among other things, that the appellees now are, and were, at the date of the mortgage in suit, husband and wife.

The land covered by the mortgage is the separate property of the wife.

Mary E. Frazier alone signed and swore to the statement of her title, and she and her husband both signed the statutory note and mortgage. The auditor of the county issued the warrant to her, payable to her alone. She presented it to the county treasurer and he gave her a check to the bank for the amount of the loan. She drew the money on the check and delivered it over to her husband, William R. Frazier. The court finds that she signed the note and mortgage as surety for the husband, but there is no finding that the county auditor had any knowledge of that fact.

Upon these facts, the court stated as conclusions of law that the appellee, Mary E. Frazier, was not liable on the note, and that the mortgage in suit was not a lien upon her land.

In its conclusions of law, we think the Henry Circuit Court erred.

The case of *Snodgrass* v. *Morris, Auditor,* 123 Ind. 425, and the case of *Lloyd* v. *State, ex rel.,* 134 Ind. 506, are decisive of the question involved in this case. The money was paid over to the appellee, Mary E. Frazier, and if she lost it by paying it over to her husband, it was the result of her own folly, for which the State is not responsible. The common school fund is a fund dedicated to the use of educating the children of the State, and can be used for no other purpose. It does not belong to the county auditor, and those who borrow it are bound to know that the duties of the auditor in relation to such fund are fixed by statute. In this case the auditor has done his duty and has paid the money to the person furnishing the security for a repayment of the loan, and the State can in nowise be affected by a secret understanding between the appellee and her husband, that she was simply his surety. Nor do we think the case would be different if the auditor had been informed of the understanding between the appellee and her husband. She was bound to know that if she borrowed this fund from the State she was compelled to repay it. If the officer with whom she was dealing failed in anywise in the discharge of his duty, to her injury, the remedy should be sought against him and not against the State.

As the appellee, Mary E. Frazier, received the money which it is sought to recover in this action, and agreed to repay it, there would be neither equity nor conscience in requiring the State to lose it.

The statute which prohibits married women from be-

coming surety was intended as a protection, and was never intended to shield them in the perpetration of a fraud. We are of the opinion that a married woman who signs the statement required by statute to obtain a loan of the school funds can not avoid a repayment of the loan, on the ground that she signed the statutory note ánd mortgage as surety for her husband.

Such being our conclusion, it follows that the circuit court erred in its conclusions of law in this case.

Judgment reversed, with directions to the Henry Circuit Court to restate its conclusions of law in accordance with this opinion, and to render judgment against the appellee, Mary E. Frazier, for the amount of the note in suit, with the interest thereon to the date of such judgment, and to render a decree foreclosing the mortgage in suit.

Filed June 14, 1893.