No. 16,889.

## WELCH v. FISK, AUDITOR.

MARRIED WOMAN.—*School Fund Mortgage on Her Separate Property to Secure Husband's Individual Debt.—Void.—Sale May be Enjoined.*— Where it does not appear that a married woman made the statutory statement to obtain a school fund loan, nor that she obtained the loan, but that it was made directly to the husband on his individual note, the only act of the wife being to unite with her husband in the execution of the mortgage on land owned by the husband, and also upon land owned by her in her own right, to secure the note, the mortgage as to the wife's land is void, and its sale may be enjoined.

From the Ohio Circuit Court.

*G. E. Downey* and *F. M. Downey*, for appellant.
*J. B. Coles* and *G. B. Hall*, for appellee.

HOWARD, J.—The sustaining of a demurrer to the complaint of appellant is the only error alleged in this case.

From the complaint it appears that on the 14th day of June, 1886, one Henry Welch, husband of appellant, executed his note, payable to the State of Indiana, for the use of the school fund, in the sum of four hundred and five dollars; that on said day, to secure said note, said Henry Welch and the appellant, his wife, executed a mortgage on certain land owned by said Henry Welch, and also upon the land in controversy owned by appellant in her own right, that the debt so secured was not the debt of appellant but was that of her said husband; that the appellee had given notice of sale and was about to sell the land so mortgaged in payment of said debt, and threatened to sell appellant's said land, together with her said husband's, asking that appellee be restrained from selling appellant's said land.

In *Crooks, Aud.,* v. *Kennett,* 111 Ind. 347, it was said that it is settled as the law of this State, under the statute in force since 1881, that a mortgage executed by a married woman upon her separate real estate to secure the debt of her husband or others is invalid, and can not be enforced.

In *State, ex rel.,* v. *Kennett,* 114 Ind. 160, a husband and wife owning land by entireties, executed a mortgage upon the land to the school fund to secure the husband's debt. This court held that the mortgage was void.

These authorities would seem to be decisive of this case in favor of appellant.

Counsel for appellee say that the question for decision is: "Can a married woman, joining with her husband in the execution of a school fund mortgage in the form prescribed by the statute, and obtaining a loan of public funds, be heard to say that the mortgage is void as to her?"

If that were indeed the question, the answer must be in the negative. *Snodgrass* v. *Morris, Aud.,* 123 Ind. 425; *Davee* v. *State, ex rel.,* 7 Ind. App. 71; *Lloyd* v. *State, ex rel.,* 134 Ind. 506; *State, ex rel.,* v. *Frazier,* 134 Ind. 648.

But, in all these cases, the first two being relied upon by appellee, the wife was herself the borrower, either by herself or with her husband.

In the first case cited, *Snodgrass* v. *Morris, Aud., supra,* the court says: "It is, at least, very doubtful whether a married woman who makes the statement the statute requires in order to obtain a loan from the school fund can defeat the mortgage she joins in executing."

In the case before us it does not appear that the appellant made the statutory statement; neither does it appear that she made the loan. The loan was made directly to her husband, on his individual note. Her

only act, as appears, was in uniting with her husband in the execution of the mortgage, as was necessary to make his mortgage good on his own land.

In the next case, *Davee* v. *State, ex rel.*, *supra*, it is said: ''All the statutory requirements to procure the loan were complied with. She executed her note for the sum of $300, and she and her husband duly executed a mortgage on her real estate to secure the loan. She made the statutory oath that she was the legal owner of the property mortgaged.''

In that case, also, the loan was made directly to the wife on her own note. There is no doubt that she might thus borrow money from the school fund, the same as any other person. The case at bar is different. Here the wife did not borrow the money. The mortgage was upon her husband's land, with which one lot of her own, for some reason not shown in the record, was included. Her only apparent connection with the transaction is that she joined with her husband in the execution of the mortgage.

The case of *Lloyd* v. *State, ex rel.*, *supra*, is based upon the same transaction as that of *Davee* v. *State, ex rel.*, *supra*, and in principle is identical with it. The court, in *Lloyd* v. *State, ex rel.*, *supra*, said: ''The record shows the loan to   *   *   be a loan made to the appellant. The papers are all executed by her individually, except her husband joins in the execution of the mortgage. The note and the sworn statement as to title are signed by the appellant alone.''

In the last of the cases cited, *State, ex rel.*, v. *Frazier*, *supra*, the decision made was that where a married woman makes application in her own name for a loan from the school fund, and, joined by her husband, gives the statutory note and mortgage on her separate estate to secure the loan, and is paid the proceeds of the loan, she can not,

in an action by the State to foreclose the mortgage, set up as a defense that she signed the note and mortgage merely as surety for her husband. ·

All of these cases decide the law correctly, as we think, but they do not govern the case now before us for consideration. It does not appear that the appellant signed the statement as to title; she did not sign the note to the school fund; she did not receive the money borrowed; the debt was solely that of her husband. It would seem that if there can be any case in which a married woman may plead the statute of suretyship this must be one.

One ground stated for the demurrer is that there is a defect of parties; that the State is the real party in interest, and should have been made a party defendant. The State can not be made a party against her will. The auditor here represents the interests of the State. It is alleged that the mortgage, as to appellant, is void, and that the auditor is about to sell her land under the void mortgage. If this be true, certainly the auditor may be enjoined from doing the wrong contemplated. It is not proposed to take a judgment against the State but to enjoin the auditor from acting under a mortgage which is void according to the laws of the State.

The judgment is reversed, with directions to overrule the demurrer to the complaint, and for further proceedings.

Filed Oct. 18, 1894; petition for rehearing overruled Dec. 20, 1894.