## TRIMBLE ET AL. *v.* STATE, EX REL. STEPHENS, AUDITOR.

[No. 17,951.  Filed May 26, 1896.]

ESTATES BY ENTIRETIES.—*Husband and Wife.—School Fund Mortgage.—Estoppel.*—Where a husband and wife, holding real estate by entireties, make application, in accordance with the statute, to the county auditor, for, and procure a school fund loan, mortgage such real estate to secure the same, and the money thus procured, with the knowledge and consent of the wife, is used in paying the individual debts of the husband, the wife is estopped from denying the validity of the mortgage.

From the Warren Circuit Court. *Affirmed.*

*J. W. Sutton,* and *Davidson & Storms,* for appellants.

*C. V. McAdams,* for appellee.

JORDAN, J.—This action was instituted by the appellee, to foreclose a mortgage executed by appellants to secure the payment of a loan obtained from the school fund. The questions presented by the appeal arise out of the special finding of facts, and the conclusions of law thereon.

The material facts in the case, as summarized from the court's special finding, are as follows:

On March 19th, 1894, and for fifteen years prior thereto, the appellants, John A. Trimble and Clara J. Trimble, were husband and wife, and said relation still continues; that, on said date, and prior thereto,

they were the owners, as tenants by entireties, of the real estate described in the mortgage in suit. Several months before the said 19th day of March, 1894, the husband, John A. Trimble, made a verbal application to Samuel C. Fenton, then auditor of Warren county, Indiana, for a loan to him of $1,500.00 from the school fund, in the hands of said officer. The auditor verbally agreed to make the loan, when the amount of the fund on hand was sufficient, and the defendant could furnish the security required by law; that, upon the auditor discovering that the lands offered as a security were held by Trimble and wife, as tenants by the entireties, he required both of them to join in the execution of the note and mortgage given for the loan, when it was made; that for the purpose of securing said loan before the same was made, the appellants joined in the execution of the affidavit required by section 5803, R. S. 1894 (4376, R. S. 1881). Prior to the making of the loan, the lands in dispute were appraised, as required by the statute, and the appraisement filed with the auditor, and also the required certificate of the clerk and recorder of the county was filed in compliance with the statute, under which the loan was made. At the time the said parties were prepared to perfect the loan in question, there being but $1,200.00 of the school fund on hand, this amount was, on March 19, 1894, loaned, and the appellants, for the purpose of securing the payment thereof, executed the note and mortgage provided for by the statute. The mortgage was duly acknowledged and recorded in the recorder's office of Warren county, on said 19th day of March, 1894. On the date aforesaid, after the making of the statutory affidavit, as stated, and the execution of the note and mortgage by said Trimble and wife, the auditor, without any objections from Mrs. Trimble, drew, in the name of her husband, an order

on the county treasury for the said sum of $1,200.00, so loaned, and the amount of said order was by the treasurer paid to the husband with the knowledge of his wife; that on said day, the husband paid, in the name of himself and wife, as interest for six months in advance, the sum of $72, upon the loan in controversy. On the day that the appellants procured the loan of $1,200.00, they expressed a desire to the auditor for an additional $300.00, in order to increase the loan to $1,500.00, the amount which the auditor had originally promised to loan. The auditor informed them that as soon as the additional $300.00, so desired, was on hand they could have it, and the note and mortgage would be changed so as to cover this additional amount, and no objections were made by either of the appellants to this arrangement. Thereafter, on May 10, 1894, the said amount of $300.00 of the school fund being on hand, the auditor drew a warrant upon the treasury in the name of the husband for that amount, which was paid him. The act of the auditor in drawing the warrant for this latter amount was in accordance with the arrangement made to increase the loan to $1,500.00; and with the consent of the husband, but in the absence of the wife, the note and mortgage originally executed by the parties were changed by the auditor by substituting $1,500.00 therein for $1,200.00; that the mortgage so changed was not recorded, neither was the former record changed or altered; that $350.00 of the money obtained on the original loan was, by the appellants, applied in settlement of a lawsuit between them and one Mitchell, and the remainder, with the knowledge and consent of the wife, was used in paying the individual debts of the husband. The wife executed the mortgage and note at the request of the husband to obtain the money for the purpose for which the same

was used, but the auditor had no knowledge or information, at and prior to the time the loan was made, as to what purpose the money was to be applied.

The court further finds that there is due and unpaid upon the mortgage, as first executed, the sum of $1,268.88, and upon the instrument as changed, the sum of $1,583.55.

Upon the facts as found, the court stated its conclusions of law in substance as follows:

1st. That the plaintiff is entitled to a decree, foreclosing the mortgage in suit, for the sum of $1,268.88.

2d. That the plaintiff is not entitled to foreclose the mortgage for the $300.00 additional loan to the husband, John A. Trimble.

3d. That as to this loan the plaintiff is entitled to a personal judgment against John A. Trimble only, for the sum of $314.67.

Judgment followed in accordance with the conclusions of law.

The only question presented and discussed by counsel for Clara J. Trimble is the contention that, under the finding of facts, it is disclosed that the execution of the mortgage in question was an attempt to pledge real estate held by her and her said husband, as tenants by entireties, for the debt of the latter. That it was a contract of suretyship, as to her, into which, under section 6964, R. S. 1894 (section 5119, R. S. 1881), she was expressly prohibited from entering, and therefore the instrument is void and cannot be enforced. It is settled law, in this State, that a mortgage executed by a married woman upon her separate real estate to secure the debt of her husband, or others, is invalid. Also, that a mortgage executed by husband and wife, upon lands held by them as tenants by entireties, to secure the debt of the husband, or others, is void as to both. This rule, however, is subject to the prin-

ciple of estoppel *in pais* as against the wife, by which she is bound, when the same is established, by the facts in any particular case. *Taylor* v. *Hearn*, 131 Ind. 537, and cases there cited.

It is also settled that where a married woman, to obtain a loan from the school fund, complies with all the statutory requirements, and executes a mortgage upon her real estate to secure the loan so obtained, she is thereby estopped from disputing the validity of the mortgage, and this is true, although the auditor, at the time the loan is made, may have knowledge that the money so derived is to be used for the benefit of her husband or other persons. *Snodgrass* v. *Morris*, *Aud.*, 123 Ind. 425; *Lloyd* v. *State, ex rel.*, 134 Ind. 506; *Davee* v. *State, ex rel.*, 7 Ind. App. 71; *Welch* v. *Fisk*, *Aud.*, 139 Ind. 637.

In *Snodgrass* v. *Morris*, *supra*, which was an action by a married woman to cancel a school fund mortgage, upon the ground that the mortgaged premises belonged to the plaintiff, and were mortgaged to obtain money for the husband, Elliott, J., speaking for the court, said:

"A county auditor is a public officer, invested by the statute with certain rights and duties, and he possesses no other rights than those conferred by the statute. He is, in no sense, the owner of the school fund, nor has he any right to release or cancel mortgages given to secure loans made from that fund, except as the statute provides; and there is nothing in the statute empowering him to decide whether a mortgage is, or is not, void because executed by a married woman to obtain money for the benefit of her husband."

In the case of *Lloyd* v. *State*, *supra*, where it appeared that the appellant, who was a married woman at the time she executed the mortgage upon her lands

to secure the loan obtained from the school fund, had complied with all the requirements of the law, it was held that she could not defend against the mortgage, although the money in that case was secured to discharge a debt of the husband, and so applied by the latter, all of which the auditor had knowledge at the time the loan was secured. This court, in that case, said:

"There is nothing to prevent a married woman from securing a loan from the school fund. If she complies with the law she is as much entitled to a loan as any other person, and she is presumed to know the law, as are all persons, and to know what rights and duties the county auditor is vested with. When she executes her note and mortgage, and it is accepted, she has the right to the money which the loan calls for, and if the officer or officers refuse to discharge their duties in this behalf, and refuse to pay the money over to her, she has a remedy, and may compel the payment of it to her; and if she fails to exact her rights in that behalf, or waives her right to the money, and directs the auditor to pay the money to another, or permits him to retain it and apply it to other purposes, she may have a right against him, but she cannot defend against the mortgage executed to the State. The mortgage is the property of the State, and is enforceable against her. The State cannot be prejudiced or suffer loss by reason of her laches in failing to demand and receive the money on the execution of the mortgage, or in directing or permitting the auditor to retain and apply it in payment of her husband's debts."

In the appeal of *Davee* v. *State, supra,* another branch of the Lloyd case was very fully considered by the Appellate Court, and it was there held that the wife, under the facts in that case, had estopped her-

self from denying the validity of the mortgage. By these decisions, the principle of estoppel is more strictly enforced against a married woman who seeks to defeat a mortgage, executed by her upon her realty to the State, to secure the payment of a loan from the school fund, obtained under and in compliance with the provisions of the school law, than it has been, perhaps, in a case where the money has been loaned by a private individual. Cogent reasons, however, in support of the principle asserted, are stated by the court in these several decisions, and the rule therein affirmed is controlling in the case at bar.

For obvious reasons, we think, a distinction should be made. The loaning of money to any one by an individual from his private funds is optional with him, and is a matter in which he may fully exercise his own judgment as to when, how, and to whom he will loan. He has the undisputed right to select his own agent to act for him in making loans. He can formulate the written instruments, which he will require the borrower to execute, in order to obtain and secure the payment of the loan. He may impose such legitimate conditions and require such steps to be taken, by applicants for loans, as his wisdom and judgment may dictate. But it is quite different on the part of the auditor, in loaning the money belonging to the school fund. The latter is a public officer, who is commanded by the statute to loan the money belonging to this fund. He has no choice in the matter. The language of the law is, that the money of the fund "shall be loaned." Section 5796, R. S. 1894. All the antecedent steps to be taken by a borrower, are prescribed by the statute. The law even defines the form of the note and mortgage that are to be executed by the borrower. The evident object sought by the legislature, under these statutory requirements, was to

Trimble *et al. v.* State, *ex rel.* Stephens, Auditor.

guard the safety of this sacred fund, and thereby make every loan thereof secure beyond any contingency. *Deming* v. *State, ex rel.,* 23 Ind. 416.

There is no law to prevent a married woman from joining with her husband in the application for a loan from the school fund, for her own use and benefit, and to join with him in pledging by mortgage real estate held by them, as tenants by entireties, to secure the payment thereof.

In the case before us, it appears that the wife, Mrs. Trimble, voluntarily subscribed to the affidavit prescribed by the statute, and joined with him in producing the certificate of the clerk and recorder, and in complying with the other requirements of the law, in order to obtain the loan in dispute. By these solemn acts of hers she must be held to have represented herself to be an applicant for the loan in question. Having done all this, it was no concern of the auditor to ascertain what arrangement, if any, existed between her and her husband as to the disposition that was to be made of the money to be obtained. When, as provided by section 5796, R. S. 1894 (1261, E. S.), it was shown to the satisfaction of the latter, that the real estate offered by the applicants was in value fully sufficient to secure the desired loan, and that it was held by them by a good and sufficient title, without incumbrance, and not derived from a sale for taxes, and they had fully complied with the other requirements of the law, it was not incumbent, under the statute, upon the auditor to proceed further and ascertain if the money was to be used or applied for the benefit of the wife, and his knowledge of the facts, as to the purpose for which the money was desired, would not be binding upon the State. Had. Mrs. Trimble desired that the warrant drawn for

the money should be made payable to her, it was her duty to demand that the auditor issue it in her favor, and her neglect to do so, and in permitting her husband to receive and use the money, cannot be chargeable against the State. The disability as to suretyship, imposed by the statute upon a married woman, must be considered in connection with another provision of the same act, to the effect that she shall be bound by an estoppel *in pais*, and no construction ought to be given to this exception by the statute of her ability to contract, as will place in her hands a sword to defend her own fraud and imposition on others, instead of a shield for her protection, as the law intended.

Under the facts in this case, it must be held that the appellant, Mrs. Trimble, is estopped from denying the validity of the mortgage in suit, and that the court did not err in decreeing a foreclosure of the mortgage executed for the original loan of $1,200.00.

No special reasons are urged to show that the judgment against John A. Trimble on the additional loan should be reversed, and hence we do not consider that question.

The judgments are affirmed.