THE GOVERNMENT BUILDING AND LOAN INSTITUTION
No. 2 v. DENNY ET AL.

[No. 18,707.  Filed Dec. 15, 1899.  Rehearing denied Feb. 23, 1900.]

HUSBAND AND WIFE.—*Tenants by Entireties.—Mortgages.*—A mortgage executed by a husband and wife upon real estate formerly held by them as tenants by entireties, but which was conveyed to a third person, and by such third person conveyed to the husband, both conveyances being without consideration, and for the purpose of enabling the husband to procure a loan for his sole use and benefit, is voidable, at her instance, under §6964 Burns 1894, not only as to her, but also as to the husband. *p. 266.*

SAME.—*Tenants by Entireties.—Mortgages.—Estoppel.*—Where a wife holding real estate with her husband as tenants by entireties joined in a conveyance thereof to a third person, who reconveyed it to the husband in order to enable the husband to procure a loan thereon, joined her husband in the execution of a mortgage and aided by her acts in inducing the mortgagee to make the loan upon the representation made by the husband, in her presence, that he was the owner of the realty, she will be estopped from denying the validity of the mortgage. *pp. 267–270.*

From the Jay Circuit Court.  *Affirmed in part and reversed in part.*

*W. H. Latta, J. J. M. LaFollette* and *O. H. Adair,* for appellant.

*J. F. LaFollette* and *C. P. Cole,* for appellees.

JORDAN, J.—Appellant originally instituted this action to recover a personal judgment against John L. Denny on a certain promissory obligation, and to obtain a foreclosure of a mortgage executed to it by the said John L. Denny and wife, Hattie G. Denny, on June 17, 1895, upon certain real estate in Jay county, Indiana, owned and held at the time the action was commenced by David H. Parker, who, together with his wife, were made party defendants. Thereafter, the appellee, Hattie G. Denny, made application to the court to be made a party defendant, and her application was granted. Appellant then filed its amended complaint,

joining her together with appellees, McKee and McKee, judgment creditors, as additional defendants to the action. Mrs. Denny filed her separate answer to the amended complaint in three paragraphs, the third being a cross-complaint under which she sought affirmative relief. By the first paragraph of her answer, she admitted the execution of the mortgage in suit, but averred that at and prior to its execution she was, and still is, a married woman, the wife of her codefendant, John L. Denny; and that the said mortgaged premises at that time were owned and held by her and her said husband as tenants by entireties; that on February 19, 1895, her husband, John L. Denny, was desirous of procuring a loan of money from the plaintiff, and securing the same by a mortgage on said real estate; that he, on said 19th day of February, procured her to join him, without any consideration whatever, in conveying said real estate to Mary C. Rownd; and that on the following day, February 20, 1895, said Rownd, without any consideration therefor, executed a deed conveying said real estate to said John L. Denny; that said conveyances were all made for the sole purpose of enabling her husband to obtain the loan in question from plaintiff, and to secure payment thereof by the mortgage upon said property,—all of which was fully known and understood by the plaintiff at the time of its execution; that the money borrowed of plaintiff by her husband, and secured by the mortgage, as aforesaid, was for his sole use and benefit, and that she received no part thereof and no part of the money was used for her benefit,—all of which was known by the plaintiff at the time the loan was made to her husband. It is further averred that, after the execution of the mortgage in suit, the defendant and her husband traded, or exchanged, the mortgaged premises to her codefendant, David H. Parker, for other real estate described, situated in Dunkirk, Jay county, Indiana; and that Parker and wife conveyed said real estate, so exchanged for the mortgaged premises, to the defendant, Mrs. Denny, and her husband,

as tenants by entireties; and, in order to indemnify and save said Parker harmless as against plaintiff's mortgage, she and her husband executed to said Parker a mortgage upon the real estate conveyed by him and his wife to the defendant and her said husband, which latter mortgage, it is alleged, is still in full force and effect, and that the said Parker is now seeking to foreclose it; wherefore, the answer alleges that the mortgage in suit is void and judgment for cost is demanded.

The second paragraph of her answer is substantially the same as the first except that the facts are more fully averred, and it is alleged that Mary C. Rownd, for the colorable consideration of $3,000, but without any actual consideration, conveyed the real estate to the husband, John L. Denny.

The cross-complaint alleges in the main the same facts as are set up in the answer, and also avers that, on June 17, 1895, John L. Denny, the husband, executed to plaintiff his certain undertaking or bond whereby he agreed to pay to plaintiff the sum of $1,000, together with interest at eight per cent. per annum, and certain charges, etc., and that defendant, said Hattie G., and her said husband executed to plaintiff the mortgage in suit upon the real estate described. The cross-complaint also alleges that the mortgage was recorded in the recorder's office of Jay county, Indiana, and a copy of the instrument is filed as an exhibit; and the relief demanded, under the facts set out in the cross-complaint, is that the mortgage in question be canceled and held for naught. John L. Denny, together with his wife, also answered the amended complaint by a general denial.

The plaintiff, having unsuccessfully demurred to each paragraph of Mrs. Denny's separate answer, including the cross-complaint, filed a reply in four paragraphs, and also an answer in two paragraphs to the cross-complaint, the first of which was a general denial. By the first paragraph of its reply, the plaintiff admitted the coverture of Mrs. Denny at the time of the execution of the mortgage, and substantially

alleged that, at the time the loan in question was made and the mortgage executed to secure the same, it had no notice or knowledge whatever of any claim or interest made or had by her in or to the mortgaged premises, except such interest as she had therein by virtue of her being the wife of said John L. Denny. It is further averred in this paragraph of the reply that she made both oral and written statements that said real estate belonged to her husband, and that she had no interest therein other than that held by her as his wife; that the plaintiff relied upon these statements so made by her, and believed them to be true, and was thereby induced, in good faith, to make said loan and furnish said money to John L. Denny, believing that said real estate belonged to him, which belief, it is averred, was induced by the acts, statements, and written affidavits of said Hattie G. Denny; wherefore it is said that she ought not to have and maintain her said defense. The second paragraph set out facts to show that the money obtained from plaintiff by the husband under the loan was by him, at the request of his wife, invested for her benefit in a stock of goods, which she still owned and held as her own separate property. The third paragraph of the reply was the general denial, and the fourth set out facts under which the plaintiff asked to be subrogated to the rights of Parker in the mortgage held by him upon the premises which he had conveyed to the defendant and her husband. By the second paragraph of the answer to the cross-complaint of Mrs. Denny, the plaintiff admitted that the real estate mortgaged by said John L. and Hattie G. Denny to plaintiff was formerly owned by them, as alleged; that they conveyed said real estate to one Mary C. Rownd, and thereafter the latter, in February, 1895, conveyed it to John L. Denny; that plaintiff accepted its mortgage thereon in June, 1895, and the record at that time showed that the title to said real estate was in John L. Denny, and the latter made a written statement, duly sworn to by him, that he was the legal owner of the property, and

that the conveyances made by himself and his wife to Mary C. Rownd, and by the latter to him, were each a *bona fide* conveyance for a valuable consideration; and that the plaintiff had no knowledge whatever of any claim of Hattie G. Denny to said real estate; that it made said loan of $1,000 to, and paid over the money to, said John L. Denny in good faith, relying upon the abstract of title furnished it and the affidavit of John L. Denny, and believing the statements therein to be true; that said Hattie G. Denny knew that her said husband was about to procure a loan on said property, and knew that he was making said affidavit, and knew that plaintiff was relying upon the statements so made by her and her husband, and that she stood by and heard said statements made and aided in procuring said mortgage and joined in its execution, and by her acts induced and caused the plaintiff to pay out said money to her husband, and caused plaintiff to rely on said statements made by her husband and to accept said mortgage and make said loan to him. Wherefore it is alleged that she ought not to recover on her cross-complaint.

A demurrer upon the part of the defendant, Hattie G. Denny, was sustained by the court to the first paragraph of the plaintiff's reply to her separate answer, and her demurrer was also sustained to the second paragraph of plaintiff's answer to her cross-complaint. Upon the issues joined, under the pleadings as they stood after the action of the court in sustaining the demurrers, as above stated, there was a trial by the court, and a finding by it that there was due to the plaintiff from the defendant, John L. Denny, on the bond executed by him, the sum of $1,243.71. The court found for the defendant, Hattie G. Denny, on her cross-complaint, that the mortgage in suit was void and ought to be canceled. The court also found in favor of the defendants, Parker and Parker, and McKee and McKee, and, over plaintiff's motion for a new trial, a judgment was rendered upon the finding in favor of the plaintiff against John L. Denny for the

amount due from him on the bond in suit; and it was further adjudged and decreed that the mortgage in suit was void and of no effect, and the same was decreed to be canceled, and that the said Hattie G. Denny recover from plaintiff her cost laid out and expended. A judgment for cost was also rendered in favor of the defendants, Parker and Parker, and McKee and McKee.

Counsel for appellants urge, under the assignment of errors, that the court erred, *inter alia*,—(1) In holding the several paragraphs of the separate answer of the appellee, Mrs. Denny, together with her cross-complaint, sufficient on demurrer; (2) that it erred in sustaining her demurrer to the first paragraph of the reply, and to the second paragraph of the answer to her cross-complaint.

It is settled by repeated decisions of this court that a mortgage by a married woman on her separate real estate, to secure the debt of her husband or any other person, falls within the provisions of §6964 Burns 1894, §5119 R. S. 1881 and Horner 1897, which forbids her from entering into a contract as surety for another, and that she may defeat the enforcement of such mortgage, unless her conduct or acts are shown to be such as will operate to estop her from calling in question its validity. It is also well settled that when she joins with her husband in the execution of a mortgage upon real estate, owned and held by her and him as tenants by entireties, to secure his debt, or that of some other person, such mortgage, at her instance, under the statute, is voidable, not only as to her, but also as to the husband. It is an ancient legal maxim that when anything is prohibited directly, it can not be done indirectly, or, in other words, a prohibition which the law imposes can not be evaded by any circuitous contrivance. Barton's Leg. Max., p. 77; Broom's Leg. Max., p. 488. Hence, in obedience to this rule, a married woman can not evade the positive prohibition of the statute in question by vesting the title to her real estate in her husband, or some other person, for the sole

purpose, as alleged in the answer of appellee, of permitting it to be mortgaged to secure a debt other than her own, where the party accepting such security knows that the contrivance was resorted to for the purpose of evading the law. *Long* v. *Crosson*, 119 Ind. 3, 4 L. R. A. 783, and cases there cited; *Trimble* v. *State*, 145 Ind. 154; *Grzesk* v. *Hibberd*, 149 Ind. 354, and cases there cited; *Wilson* v. *Logue*, 131 Ind. 191. It is evident, under the authorities cited, that the facts alleged in the answer of the appellee to the amended complaint, and also in her cross-complaint, are sufficient to withstand a demurrer, and there was no error in the court's ruling thereon.

We may next consider the second proposition presented in respect to the alleged error of the court in sustaining the demurrer of the appellee, Hattie G. Denny, to the first paragraph of the reply, and to the second paragraph of the answer to the cross-complaint. The facts alleged in the first paragraph of the reply are, perhaps, not as certain or specific as the rules of good pleading exact. This paragraph of the reply and the answer of appellant to the cross-complaint both proceed upon the theory that the appellee, Mrs. Denny, under the facts therein, is estopped to deny that her husband was not the owner of the mortgaged premises for all purposes at the time the plaintiff made its loan and accepted the mortgage as security therefor. The facts, as averred in the answer to the cross-complaint, substantially disclose that the real estate in controversy, prior to February, 1895, was owned by the appellee and her husband as tenants by entireties; that subsequently they conveyed this real estate to Mary C. Rownd, and the latter, in February, 1895, conveyed it to the husband, John L. Denny. After the title, under the conveyance from Rownd, had been vested in the husband, and had so remained until some time in June following, a period of about four months, appellant made the loan to the husband, and accepted the mortgage in dispute as security for such loan. The public records, upon their

face, at that time, disclosed that Denny, the husband, was
invested with the absolute ownership of the land, and, in
addition, an abstract of title was furnished to appellant, and
the husband, by his statements, verified by his affidavit,
represented that he was the legal owner of the premises in
question, and that the conveyance made to Mary C. Rownd
by himself and wife, and the conveyance by the latter to
him, were made in good faith and for a valuable con-
sideration.   It also appears that appellant relied upon the
abstract of title and the representations made by the hus-
band, and believed them to be true, and, at the time the
mortgage was accepted, it had no knowledge whatever that
Mrs. Denny had any interest or claim of title in or to the
premises in controversy.   It is further disclosed from the
pleading that she knew that her husband was about to
procure a loan from appellant on the security of the prop-
erty in question, and that she knew that appellant was rely-
ing upon said representations that he was the owner of the
realty; that she stood by and heard the representations of her
husband, and affirmed the same, and aided by her acts in
inducing the plaintiff to make the loan to him, and to
accept the mortgage on the real estate in dispute as security
for such loan.   The pleading certainly shows, under its aver-
ments, that the wife, Mrs. Denny, with full knowledge of
the representations that her husband had made, to the effect
that he, and not she, was the owner of the land, and that the
conveyances which purported to fully invest the husband
with the title to the property were good-faith transfers for
a valuable consideration, stood by, and, in effect at least,
affirmed the same to be true, and that appellant, without
any knowledge to the contrary, relied upon the statements of
the husband, as confirmed by the wife, upon the question of
the ownership of the property.   The legal effect of these
facts must be such as to estop her to deny that her husband,
at the time the loan was made and the mortgage executed
as security therefor, was not the real owner, for all purposes,

of the mortgaged premises, and, therefore, she can have no standing in court, under these facts, to deny the validity of the mortgage in suit.

In *Trimble* v. *State*, 145 Ind. 154, on p. 162 of the opinion, in reviewing the question of suretyship of a married woman, under the statute in question, this court said: "The disability as to suretyship, imposed by the statute upon a married woman, must be considered in connection with another provision of the same act, to the effect that she shall be bound by an estoppel *in pais*, and no construction ought to be given to this exception by the statute of her ability to contract as will place in her hands a sword to defend her own fraud and imposition on others, instead of a shield for her protection as the law intended."

In the case of *Long* v. *Crosson*, 119 Ind. 3, it was held that where the wife transfers her real estate to her husband, by a conveyance importing a money consideration, for, the purpose of enabling him to mortgage it as his own property, to secure a loan of money for his own benefit, she will be estopped from asserting that such transfer was not in good faith, as against the mortgagee, who is shown to have had no knowledge that such conveyance to the husband was a mere contrivance to evade the statute.

In *Duckwall* v. *Kisner*, 136 Ind. 99, the question arose as to the estoppel of a married woman, in a foreclosure proceeding, to deny the ownership of her husband to the mortgaged premises. In that case, Hackney, J., speaking as the organ of this court, said: "There is no doubt, upon principle and the decisions of this court, that a married woman may be estopped by acts *in pais* in cases involving her equitable title to real estate. [Citing numerous authorities.] The rule applied in the cases cited is but the general rule that one may not stand by and permit another to invest on the strength of an adverse claim of title or may not permit another to remain clothed with the *indicia* of ownership by which third persons are misled in their investments.

Though such conduct is not in itself fraudulent, the law holds it a fraud, after such conduct, to deny the results which have flowed from such conduct. *Hirsch* v. *Norton*, 115 Ind. 341; *Wisehart* v. *Hedrick*, 118 Ind. 341; *Maxon* v. *Lane*, 124 Ind. 592, and the numerous cases cited in each. The principle underlying the rule is that where one of two, even innocent persons, must suffer by the act of a third, he must suffer whose conduct has made it possible to do the act.".

Appellant, in the case at bar, in making the loan, was not dealing with the wife but with the husband, and it would seem, upon the facts alleged, that it was justified in believing that the title to the property had been in good faith transferred to him. Under the authorities cited, it must be held that the first paragraph of the reply and the answer to the cross-complaint stated facts sufficient to create an estoppel .against the appellee, Hattie G. Denny, and we therefore conclude that the court erred in sustaining a demurrer thereto. Other questions arising upon the evidence are discussed, but, as these may not arise again upon another trial, we dismiss them without consideration.

The personal judgment against John L. Denny on the bond in suit is affirmed. For the errors pointed out, the judgment and decree in favor of the appellees, under the issues raised upon appellant's complaint, in respect to the foreclosure of the mortgage, and as to its cancelation, under the cross-complaint of Hattie G. Denny, is in all things reversed, and the cause is remanded to the lower court for further proceedings not inconsistent with this opinion.